**COURT OF CHANCERY
OF THE
STATE OF DELAWARE**

KATHALEEN ST. JUDE MCCORMICK
CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

May 13, 2026

A. Thompson Bayliss
Eric A. Veres
Caleb A. Volz
Abrams & Bayliss LLP
20 Montchanin Road, Suite 200
Wilmington, DE 19807

Re:     *Postbit, Inc. v. Look Dynamics, Inc.*,
          C.A. No. 2024-0566-KSJM

Dear Counsel:

I entered default judgment on the issue of liability on January 29, 2026,[1] and held a hearing on remedies on April 17, 2026.[2] This decision grants Postbit, Inc.'s request for attorneys' fees, costs and expenses, reliance damages, and pre- and post-judgment interest.

Postbit filed this action to enforce its rights under a term sheet dated December 29, 2023.[3] In the term sheet, the parties agreed to negotiate in good faith to execute a definitive merger agreement whereby Look Dynamics would merge into Postbit. The parties also agreed that Look Dynamics would sell Postbit an exclusive license to all its technology pending execution of a definitive merger agreement. The term

---

[1] C.A. No. 2024-0566-KSJM, Docket ("Dkt.") 43.

[2] Dkt. 52.

[3] *See* Dkt. 1 (Compl.), Exs. A, B (Term Sheet).

sheet contemplated aggregate merger consideration in the range of $38 million to $65 million.

Over the ensuing months, Postbit worked diligently toward a merger agreement and paid $360,605.12 to Look Dynamics based on assurances that Look Dynamics was committed to executing an exclusive license agreement.[4]  On May 3, 2024, however, Look Dynamics sent Postbit a letter stating that it had determined to "look elsewhere and perhaps pursue other potential sources of capital," and that the term sheet had expired on January 15, 2024.[5]

Postbit filed this action on May 28, 2024.[6]  Postbit asserted claims for breach of contract, breach of the implied covenant, and promissory estoppel.[7]  Postbit requested specific performance and, in the alternative, damages.[8]  Postbit also requested pre- and post-judgment interest.[9]

Look Dynamics moved to dismiss the action.[10]  In a January 10, 2025 bench ruling, I denied the motion except as to Postbit's request for specific performance.[11]

---

[4] *See* Dkt. 47, Ex. 1; Dkt. 53 ¶¶ 6, 13.

[5] Compl., Ex. F.

[6] Compl.

[7] *Id.* ¶¶ 41–63.

[8] *Id.* at 19.

[9] *Id.*

[10] Dkt. 16.

[11] Dkt. 31 ("H'rg Tr.").

In granting the motion to dismiss Look Dynamics' request for specific performance, I

reasoned that:

> Since the Term Sheet is a Type II agreement, it does not
> lend itself to specific enforcement. Chancellor Bouchard's
> decision in *Windsor*[12] makes this point well, and his
> reasoning supports this outcome. The Court of Chancery's
> decision in *PharmAthene*[13] hits the nail on the head as well,
> noting that faithful negotiation is an inherently qualitative
> issue. There are circumstances when good faith efforts are
> enforceable, when agreements to work and negotiate in
> good faith are certainly enforceable. But Type II
> agreements are simply beyond what even our
> enthusiastically contractarian law is willing to enforce. I'll
> also note that it's true that the lock-out provision
> strengthens and aids the agreement to negotiate in good
> faith, but it's ultimately in aid of a provision that does not
> lend itself to specific performance. So, again, Postbit's
> better claim here is for damages, including potential
> expectation damages as the Court awarded in
> *PharmAthene*. The claims for specific performance,
> therefore, are dismissed[.][14]

On August 8, 2025, Look Dynamics' counsel, Potter Anderson & Corroon LLP,

filed its motion for leave to withdraw as counsel for Look Dynamics.[15] I granted that

motion in a letter decision dated September 17, 2025 (the "Letter Decision").[16] I

conditioned withdrawal on Potter Anderson providing notice of the court's decision to

---

[12] *Windsor I, LLC v. CWCapital Asset Mgmt. LLC*, 2017 WL 3499919 (Del. Ch. July 31, 2017).

[13] *PharmAthene, Inc. v. SIGA Techs., Inc.*, 2011 WL 4390726 (Del. Ch. Sep. 22, 2011), *aff'd in part, rev'd in part and remanded*, 67 A.3d 330 (Del. 2013).

[14] H'rg Tr. at 18:18–19:17.

[15] Dkt. 34.

[16] Dkt. 40.

Look Dynamics in the manner that counsel had been communicating with Look Dynamics to date, by certified mail, return receipt requested, and by first-class mail.[17]

I further explained that entities cannot appear self-represented in Delaware courts. To avoid default, Look Dynamics had to obtain substitute counsel within thirty days of receipt of the Letter Decision. Look Dynamics failed to retain counsel within that period or after. I entered default judgment on the issue of liability on that basis.

The grant of default judgment does not immediately entitle a party to all relief sought. A plaintiff must still prove entitlement to damages.[18] On April 17, 2026, I held a hearing on Postbit's request for remedies. In advance of the hearing, Postbit submitted a brief stating the factual and legal bases for its requested relief.[19]

Postbit seeks attorneys' fees, costs, and expectation damages or, in the alternative, reliance damages. Postbit also requests pre-judgment and post-judgment interest on any damages award.

Postbit is entitled to attorneys' fees in view of Look Dynamics' dilatory litigation conduct.[20] Through March 2026, those fees totaled $394,225, which is fair

---

[17] *Id.* at 2.

[18] *Gebelein v. Four State Builders*, 1982 WL 17829, at *2 (Del. Ch. Oct. 8, 1982); *Carlton Invs. v. TLC Beatrice Int'l Hldgs., Inc.*, 1996 WL 426501, at *1 (Del. Ch. July 24, 1996).

[19] Dkt. 46 ("Postbit Remedies Br.").

[20] *See First Am. Fin. Mgmt. Co. v. Royal Sovereign Gp., LLC*, 2010 WL 2734226 (Del. Ch. July 9, 2010) (entering default judgment and awarding attorneys' fees).

and reasonable.[21] Counsel is instructed to include an updated affidavit describing fees through the date that counsel submits the proposed form of order requested below.

Postbit is entitled to costs as the prevailing party.[22] As of March 2026, those costs were $4,821.31.[23] They are fair and reasonable. Counsel is instructed to include an updated affidavit describing costs through the date that counsel submits the proposed form of order requested below.

Although Postbit has stated a legal basis for expectation damages, it has failed to prove an amount of expectation damages. I have already entered default judgment on Postbit's claim that Look Dynamics breached the term sheet by refusing to sign an exclusive licensing agreement and failing to negotiate toward a merger in good faith. The standard remedy for breach of contract "is based upon the reasonable expectations of the parties *ex ante*."[24] When dismissing Postbit's equitable claims, I acknowledged that, "Postbit's better claim here is for damages, including potential expectation damages as the Court awarded in *PharmAthene*."[25]

In *Siga Technologies v. PharmAthene*, the Supreme Court affirmed this court's ruling and held that a "breaching party cannot avoid responsibility for making the

---

[21] Postbit Remedies Br., Ex. 2 ¶ 3.

[22] Ct. Ch. R. 54(d).

[23] Postbit Remedies Br., Ex. 2 ¶ 4.

[24] *Duncan v. Theratx, Inc.*, 775 A.2d 1019, 1022 (Del. 2001).

[25] H'rg Tr. at 19:13–15.

other party whole simply by arguing that expectation damages based on lost profits are speculative because they come from an uncertain world created by the wrongdoer. Rather, when a contract is breached, expectation damages can be established provided the plaintiff can prove the fact of damages with reasonable certainty. The *amount* of damages can be an estimate."[26] Further, there is an "established presumption that doubts about the extent of damages are generally resolved against the breaching party[,]"[27] and "a corollary to this presumption [is that] the court [may] take into account the willfulness of the breach in deciding whether to require a lesser degree of certainty."[28]

Here, however, Postbit has presented no meaningful evidence to support expectation damages. Postbit has submitted evidence in which Look Dynamics represented that its technology would "change the world" and be highly valuable,[29] and that Look Dynamics created internal models projecting rapid revenue growth even without Postbit's involvement.[30] But Look Dynamics' software had limitations.[31] Postbit has shown that it believed that Look Dynamics' technology could minimize those limitations and that the merger represented an incredible

---

[26] 132 A.3d 1108, 1111 (Del. 2015), *as corrected* (Dec. 28, 2015) (emphasis in original).

[27] *Id.* at 1131.

[28] *Id.*

[29] Postbit Remedies Br., Ex. 3 at 3; *see also id.*, Exs. 4, 5.

[30] *Id.*, Ex. 6.

[31] *Id.*, Ex. 3 at 1.

opportunity.[32] But this evidence is not a sufficient record on which to award a precise amount of expectation damages, as Postbit acknowledges.[33] For that reason, Postbit seeks leave to pursue discovery to support this relief.

Because the remedies hearing was intended to be the final hearing in this matter, I am reticent to allow the litigation to continue indefinitely. I am also concerned about the inherently speculative task of awarding expectation damages for a breach of a Type II agreement. For that reason, Postbit's request for expectation damages is denied.

Postbit has met its burden as to reliance damages.[34] Postbit has demonstrated that it made $360,605.12 in payments made by Postbit to Look Dynamics based on Look Dynamics' commitment to execute the exclusive license agreement and negotiate a definitive merger agreement. Postbit is entitled to that amount.

Postbit is also entitled to pre- and post-judgment interest, compounded quarterly, consistent with the calculations and methodology set out in Postbit's brief.[35]

---

[32] Postbit Remedies Br. at 19–22.

[33] Dkt. 54 at 10:21–11:19.

[34] *Ramone v. Lang*, 2006 WL 905347, at *16 (Del. Ch. Apr. 3, 2006); *see also PharmAthene, Inc. v. SIGA Techs., Inc.*, 2014 WL 3974167, at *6 n.29 (Del. Ch. Aug. 8, 2014) ("If I find PharmAthene has not shown that it is entitled to either of these potential remedies, PharmAthene would be entitled to an award of reliance damages for the money it expended attempting to negotiate a license agreement with SIGA in the fall and winter of 2006.").

[35] Postbit Remedies Br. at 14.

Counsel for Postbit is instructed to submit an affidavit bringing current the fees, costs, and expenses, and to submit a proposed form of Final Order and Judgment that includes those figures and memorializes the holdings of this decision.

IT IS SO ORDERED.

Sincerely,

*/s/ Kathaleen St. J. McCormick*

Chancellor